IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID M. SWISHER, <br><br> Plaintiff, <br><br> vs. <br><br> BRANDON NORRIS, DEAN HENSLEY, and NORFOLK REGIONAL CENTER/STAFF, <br><br> Defendants. | 8:24CV354 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff David M. Swisher filed his Complaint on September 9, 2024. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT[1]

Plaintiff is a civilly committed detainee confined in the Norfolk Regional Center. Plaintiff sues unnamed NRC staff in their official capacities and two NRC patients, Brandon Norris ("Norris") and Dean Hensley ("Hensley"), in their individual capacities for damages arising out of an incident that occurred on December 5, 2017. On that date, Hensley and Norris attacked Plaintiff with "batteries in socks," hitting Plaintiff multiple times on the left side of his head. Filing No. 1 at 4. Plaintiff went to the hospital for his injuries and received "13

---

[1] The Court notes that attached to Plaintiff's Complaint is a two-page document that appears to have been written by a third-party "inpatient advocate seeing freedom and vindication [who] can testify in [sic] behalf of the NRC patients" regarding the NRC's failure to provide resident patients with "the help needed to recover and live in more independent settings." Filing No. 1 at 11–12. As the document does not appear to be authored by Plaintiff and does not bear any discernible relation to the claims Plaintiff alleges in his Complaint, the Court will not discuss the document further.

staples." Filing No. 1 at 5.[2] Plaintiff alleges NRC staff were "negligent in preventing and stopping two patients from causing serious bodily harm to [Plaintiff]" and "ignored forewarning of this situation, and afterward put [Plaintiff] in questionable situations" with Hensley and Norris. Filing No. 1 at 7–8.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held

---

[2] Unless otherwise noted, citations to Plaintiff's pleadings have been corrected for spelling.

to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the Court finds that the Complaint fails to state a claim for relief against any of the named defendants, is barred by the statute of limitations, and should be dismissed.

**A. Hensley and Norris Not State Actors**

Plaintiff purports to sue Hensley and Norris for damages under section 1983. However, only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (party is subject to suit under 42 U.S.C. § 1983 if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State"); *Wickersham v. City of Columbia,* 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of section 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint

3

activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Here, Hensley and Norris are both NRC patients, and Plaintiff alleges no facts suggesting that Hensley and Norris performed acts delegated to them by the state; that they willfully participated in joint activity with the state; or the existence of a "pervasive entwinement" between Hensley, Norris, and the state. On the contrary, the facts alleged establish that Hensley and Norris are private individuals who acted without any state-law authority when they attacked Plaintiff. Because Plaintiff's Complaint lacks any allegations that Hensley and Norris were acting under color of state law for purposes of section 1983, the Complaint fails to state a section 1983 claim upon which relief can be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

**B. Sovereign Immunity**

Plaintiff also sues unnamed NRC staff in their official capacities for monetary damages. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983

4

which seek equitable relief from state employee defendants acting in their official capacity.

Here, the unnamed NRC staff Plaintiff sues are state employees and, as such, enjoy sovereign immunity for damages claims made against them in their official capacities absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Therefore, Plaintiff's claims against the unnamed NRC staff in their official capacities must be dismissed.[3]

### C. Statute of Limitations

Even if Plaintiff had named a defendant state actor in his or her individual capacity, Plaintiff's allegations establish that his claims arise from conduct that occurred on December 5, 2017, and are, thus, barred by the statute of limitations. *See* Filing No. 1 at 4–5. The length of the statute of limitations for a section 1983 claim is the same as the length of the statute of limitations "for personal-injury torts" in "the State in which the cause of action arose." *Wallace v. Kato,* 549 U.S. 384, 387 (2007). In Nebraska, section 1983 actions are subject to a four-year statute of limitations. *See Montin v. Estate of Johnson,* 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: . . . (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated . . . ."). Because Plaintiff's purported civil rights claims against the defendants accrued more than four years prior to the filing of this lawsuit, they

---

[3] Also, to the extent Plaintiff may be suing the NRC itself, the NRC is a state instrumentality. *See Pointer v. Lincoln Reg'l Ctr.,* No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008). A suit may be brought under section 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in section 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n,* 502 U.S. 197, 200-01 (1991). Thus, section 1983 does not create a cause of action against the NRC, and any claims against the NRC must also be dismissed.

are barred by the statute of limitations[4] and must be dismissed.[5] *See, e.g.*, *Johnson v. Mott*, 376 F. App'x 641 (8th Cir. 2010) (unpublished) (§ 1983 claim that was barred by the applicable statute of limitations was properly dismissed with prejudice under Fed. R. Civ. P. 12(b)(6)); *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (affirming dismissal with prejudice because complaint showed statute of limitations had run).

## IV. CONCLUSION

Plaintiff's Complaint fails to allege a claim upon which relief can be granted against any of the defendants. Plaintiff's claims against the unnamed NRC staff in their official capacities are barred by sovereign immunity, and Plaintiff cannot obtain relief under section 1983 against Hensley and Norris as neither is a state actor. Finally, even if Plaintiff had named a proper defendant, his claims are clearly barred by the statute of limitations. Accordingly, the Court will dismiss this matter with prejudice as further amendment of Plaintiff's claims would be futile.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.
2. A separate judgment will be entered.

---

[4] "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Haltom v. Parks*, No. 8:15-CV-428, 2018 WL 1033488, at *2 (D. Neb. Feb. 21, 2018) (citations omitted).

[5] Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint as frivolous when it is apparent that the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Dated this 25th day of March, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge